Filed 1/7/26  P. v. Batten CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>COPONE CHOCAYSHYVAN BATTEN,<br><br>    Defendant and Appellant. | A172862<br><br>(City & County of San Francisco Super. Ct. No. 23004138) |

Defendant Copone Chocayshyvan Batten appeals after the trial court found he had violated his probation and executed a sentence that had previously been imposed and suspended.  His counsel has filed an opening brief raising no issues and asking this court for an independent review of the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant has been apprised of his right personally to file a supplemental brief, but he has not done so.

### *The Original Charges and Disposition*

Defendant was charged by information in April 2023 with domestic violence (Pen. Code, § 273.5, subd. (a), count 1);[1] two counts of assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); counts 2 & 4); and false imprisonment (§ 236; count 3).  The information also alleged defendant

_____

[1] All statutory references are to the Penal Code.

had suffered a prior conviction or juvenile adjudication of second degree robbery. (§ 211; see §§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c).) The information was later amended to add a new count, felony unlawful possession of a firearm (§ 29800, subd. (a)(1); count 5) on March 14, 2024.

On March 14, 2024, after being informed of and waiving his constitutional rights, defendant pled guilty to counts 1 and 5 and agreed the trial court could impose the upper term without a trial if his probation was revoked. On April 5, 2024, the trial court imposed and suspended the negotiated disposition of four years for count 1 and eight months for count 5 and placed defendant on probation with terms that included obeying all laws, and the remaining charges were dismissed. It issued a "peaceful contact" protective order directing defendant not to abuse K.H. (e.g., harass, strike, threaten, or assault her or disturb her peace) but not otherwise prohibiting him from being in contact with her.

### Revocation of Probation

The District Attorney filed a motion to revoke probation on November 13, 2024, and the trial court summarily revoked probation two days later.

Evidence at the hearing on the probation violation revolved around incidents that took place in August and November of 2024. In August of that year, a police officer was twice called to K.H.'s residence on the afternoon of August 8, 2024. The first time, he saw defendant, who told him his girlfriend had his car and was getting groceries and he was trying to get his keys back. The officer was recalled to the scene about half an hour later and saw K.H. She showed him text messages from defendant and told him her money had been stolen.

According to K.H.'s testimony, she was living with defendant in August of 2024, and he was the father of her child. On August 8, as she was grocery

shopping, defendant sent her text messages suggesting she had been unfaithful to him and threatening to hurt her. She called the police, who escorted defendant from their home. She called the police again when she realized defendant had stolen her money. He returned the money the next day.

In November 2024, defendant came home one day and banged on the front door because he had lost his house keys. He and K.H. argued, and defendant grabbed a child's play pen, started "slinging it everywhere," and threw toys, hitting both K.H. and their two-year-old child. Defendant then held K.H.'s face and neck with one hand while slapping and punching her with the other. The next day, November 8, defendant tried to kick down the apartment door. K.H. called 911, and officers responded and arrested defendant.

An officer who responded on November 8 testified that when he arrived at the apartment building where K.H. lived, he heard loud yelling from one of the units. Outside the apartment, he saw defendant yelling and banging on the door. After more officers arrived, defendant was placed in handcuffs. K.H. let the officer into the apartment, and he saw that the door frame was damaged and that she had a mark on her neck.

The officer arrested defendant and advised him of his constitutional rights. Defendant told the officer he knew he had violated the restraining order.

### The Trial Court's Ruling

The trial court found that defendant had willfully violated the terms of his probation, in particular by violating the peaceful contact protective order. It ordered the previously suspended sentence to be executed, and it awarded additional credits for the time defendant had spent in custody after his

probation was summarily revoked.  It also imposed a protective order barring defendant from having contact with K.H. or her children, subject to any future family, juvenile, or probate court order allowing peaceful contact with them.  (§ 273.5, subd. (j)(1).)

Defendant was represented by counsel.  The evidence supports the trial court's findings.  We see no error or abuse of discretion in its rulings.  There are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.

TUCHER, P. J.

WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*People v. Batten* (A172862)